WILLIAM J. VANDEWATER, Doing Business under the Name of WILLIAM J. VANDEWATER COMPANY, Respondent-Appellant, and FLUSHING NATIONAL BANK, Interpleaded Claimant, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 26003.) — This is an appeal by the defendant-appellant, State of New York, from a judgment of the Court of Claims in favor of claimants for the sum of $32,844.74 on the ground that the judgment is contrary to the law, against the facts, and excessive. Claimants filed cross notice of appeal. The sole question presented under the cross appeal relates to the rate of interest to be allowed upon the award. Claimant Flushing National Bank is the assignee of certain moneys due on the contract and has been made a party by consent. The action is based upon the fraud and misrepresentation of the State in entering into a contract with claimant Vandewater. The contention of the claimant is that he was induced to enter into a contract for the erection of a plate girder bridge over the Wallkill River upon the representation of the State that the excavation work was an ordinary operation; that such

representation was false because the existence of quicksand made the excavation a complicated, prolonged and expensive operation, and that the State knew of the falsity of its representations from the fact that its own boring tests, made a few months before the contract was let, revealed the existence of quicksand. It is not denied that the State withheld the information obtained from these borings from the contractor. The Official Referee has made specific findings covering these elements of fraud. The Official Referee also made specific findings as to the amount of claimants' damage adduced from the uncontradicted evidence on the trial. The judgment should be affirmed with costs. Claimants' cross appeal relates solely to the amount of interest recoverable. The Official Referee in his decision has found that claimants are entitled to recover the sum of $28,250.84, with interest from May 18, 1939. The Clerk has computed the interest on the award at six per cent from May 18, 1939, to July 1, 1939, and at four per cent thereafter. We believe this computation to be correct. (State Finance Law, § 16, formerly numbered § 54, added by L. 1939, ch. 586.) Judgment affirmed, with costs, and cross appeal dismissed, without costs. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur. [See post, p. 922.]